Durán, Demandante y Apelante, *v.* Seda, Demandado y
Apelado.

Apelación procedente de la Corte de Distrito de Mayagüez
en pleito sobre nulidad de venta y restitución de pro-
piedad.

No. 2452.—Resuelto en mayo 31, 1921.

Nulidad de Venta—Menor de Edad—Estoppel.—Un menor que estando próximo
a cumplir los 21 años induce a otra persona a creer de buena fe que ya los
había cumplido y bajo tales condiciones le vende una finca haciendo constar
en el documento privado otorgado que el vendedor era mayor de edad y tenía
la libre administración de sus bienes y la necesaria capacidad para contratar,
no tiene derecho a obtener la nulidad del contrato de compra-venta al am-
paro de su minoría de edad.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. F. Otero Rivera.*
Abogado del apelado: *Sr. J. Alemany Sosa.*

El Juez Presidente Sr. Hernández, emitió la opinión del
tribunal.

Con fecha 19 de julio de 1920, Miguel Durán por su pro-
pio derecho y como padre con patria potestad sobre su me-
nor hijo legítimo, Juan Ramón Durán y Seda, presentó de-
manda en la Corte de Distrito de Mayagüez contra Modesto
Seda para que se declarara la nulidad de un contrato de
compraventa de cierta finca rústica que el demandante Juan
Ramón Durán y Seda y el demandado Modesto Seda habían
celebrado, y ordenara la entrega o devolución de dicha finca
al demandante Durán y Seda con la suma de $150 por los
frutos que produjo durante el año y tres meses que la había

poseído el comprador. Como razón fundamental de esta acción alega el demandante Juan Ramón Durán y Seda, que era menor de edad cuando celebró el contrato con el demandado y que éste se aprovechó de esa circunstancia para comprarle por $224 una finca que entonces valía y aún vale $562.

El demandado al contestar la demanda alegó que el demandante Juan Ramón Durán y Seda era mayor de edad y estaba en la libre administración de sus bienes al vender la finca, como así lo hizo constar en el documento privado de venta que firmó, y que la finca no tenía mayor valor que el precio de $232.75 que por ella pagó.

También formuló contrademanda el demandado para que el demandante Juan Ramón Durán y Seda fuera condenado a otorgarle escritura pública de venta de la finca vendida por el mismo precio en que se verificó el contrato.

Celebrado el juicio la corte dictó sentencia en 10 de febrero de 1921 declarando sin lugar la demanda y con lugar la contrademanda, con las costas del juicio a cargo del demandante Juan Ramón Durán y Seda, quien apeló de dicha sentencia.

La opinión que sirve de fundamento a la sentencia pronunciada, en la parte atinente, dice así:

"De la evidencia practicada, la corte encuentra probados los siguientes hechos:

"El día 1 de febrero de 1919, en el barrio de Llanos Tuna, del término municipal de Cabo Rojo, Juan Ramón Durán y Seda, y el demandado Modesto Seda celebraron un contrato en virtud del cual el primero le vendió al segundo una finca rústica de su propiedad radicada en el mismo barrio de Llanos Tuna, por el precio de $223.75. Al practicarse la mensura de la finca ésta dió una cabida de una cuerda setenta y nueve céntimos. El precio se pagó en efectivo por un tal Villas Pagán a nombre de Modesto Seda, en dos veces; $205 el mismo día del contrato al vendedor Juan Ramón Durán y Seda, en la casa del señor Pagán; y $18.75 a Miguel Durán, padre del vendedor, algunos días después en el pueblo de Cabo Rojo.

"En todos los particulares del contrato celebrado por Juan Ramón Durán y Seda y Modesto Seda; ofrecimiento de venta de la

finca, mensura y entrega de ésta y hasta recibir parte del precio para su hijo, intervino Miguel Durán. Ambos de acuerdo manifestaron constantemente al demandado Modesto Seda y a las otras personas que intervinieron en el negocio, que Juan Ramón ya había cumplido su mayoría de edad, y que como tal tenía capacidad suficiente para ·efectuar la venta. En el documento privado que otorgaron de este contrato también lo hizo cónstar el vendedor Durán y Seda declarando que era mayor de edad y tenía la libre administración de sus bienes y la necesaria capacidad legal para tratar y contratar. El demandado Modesto Seda creyó de buena fe que Juan Ramón Durán y Seda era mayor de edad a la fecha en que se celebró el contrato y por tal virtud entró en él.

"Juan Ramón Durán y Seda se comprometió con Modesto Seda a elevar a escritura pública el contrato privado que había otorgado de la venta de la finca tan pronto como fuera requerido para ello, lo que no ha hecho, a pesar de que así se lo ha solicitado Modesto Seda.

"No existe evidencia que haya probado la alegación de la demanda de que el demandado obtuvo ventaja en el contrato porque la finca valía más de lo que él pago por ella; antes por el contrario, lo que se infiere de la prueba es que se pagó un precio razonable.

"El día primero de febrero de 1919, o sea la fecha del contrato, no tenía todavía 21 años de edad Juan Ramón Durán y Seda. El juicio de este caso se celebró el día 20 de diciembre de 1920, en cuya fecha el expresado Juan Ramón Durán y Seda tenía 21 años y tres meses de edad. De su aspecto en general aparece ser mucho mayor, por lo que se explica claramente el buen resultado de su simulación y engaño al conducirse como de mayor edad cuando todavía no tenía 20 años.

"Como una cuestión de derecho, la corte llega a la conclusión de que tanto Miguel Durán como Juan Ramón Durán y Seda están impedidos de alegar la nulidad de la venta efectuada por el segundo a Modesto Seda y recuperar la propiedad vendida quedándose con el precio que se pagó por ella, porque ambos se confabularon y se pusieron de acuerdo para que Juan Ramón efectuara la venta como mayor de edad, y el comprador Modesto Seda así lo creyó de buena fe.—(14 Ruling Case Law, 23, y siguientes.)

\*       \*       \*       \*       \*       \*       \*

"De las anteriores conclusiones de hecho y de derecho, resulta la obligación clara de Juan Ramón Durán y Seda de otorgar escritura pública al demandado Modesto Seda de la venta de la finca en litigio.

"Por todo lo cual, la corte es de opinión que debe desestimar, como desestima, la demanda en este caso, y se declara con lugar la contra-demanda, con las costas a cargo del demandante."

Alega la parte apelante para sostener el recurso que la corte cometió error en la apreciación de las pruebas, y también en la aplicación del derecho con infracción del artículo 1230 del Código Civil por haber dado valor a un contrato en que el demandante no pudo prestar su consentimiento por ser menor de edad.

Hemos examinado la evidencia aportada al juicio por ambas partes y ella sostiene las conclusiones de hecho a que llegó la corte inferior. Juan Ramón Durán y Seda era realmente menor de edad al celebrar con el demandado Modesto Seda el contrato de compraventa, y aunque él y su padre declaran no haber hecho manifestación alguna en el sentido de que Durán y Seda fuera mayor de edad, el mismo documento privado de venta que firmó el vendedor y los testigos de la parte demandada tienden a probar lo contrario. La corte resolvió el conflicto de la evidencia a favor del demandado y a su apreciación debemos atenernos por no haberse demostrado que hubiera obrado influída por pasión, prejuicio, parcialidad o manifiesto error.

Bajo las anteriores conclusiones de hecho, encontramos que lejos de ser erróneas, se ajustan a ellas las de derecho que estableció la referida corte.

En apoyo de la validez del contrato de compraventa cuya nulidad se solicita, invocamos la doctrina establecida en el caso de *García et al.* v. *Garzot,* 18 D. P. R. 866; y para sostener la contrademanda nos referimos al artículo 1247 del Código Civil preceptivo de que deberán constar en documento público los actos y contratos que tengan por objeto la creación, transmisión, modificación o extinción de derechos reales sobre bienes inmuebles. Si el demandante Juan Ramón Durán y Seda vendió al demandado Modesto Seda la finca rústica de que se trata de cuyo contrato le otorgó documento

privado, debe ser compelido a llenar la formalidad de la escritura pública, según previene el artículo 1246 del mismo código.

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.