SUCESIÓN RIVERA, DEMANDANTE, APELANTE Y APELADA, *v.* HERNÁNDEZ ET AL., DEMANDADOS APELADOS Y APELANTES.

APELACIONES procedentes de la Corte de Distrito de Humacao en pleito sobre reivindicación.

Nos. 2664 y 2662.—Resueltos en mayo 7, 1923.

CONTRATOS CELEBRADOS POR MENORES—CONTRATOS ANULABLES—PRESCRIPCIÓN DE LA ACCIÓN DE NULIDAD.—Dos menores que tenían 19 y 20 años enajenaron su derecho hereditario expresando en la escritura de cesión que eran mayores de edad. *Se resolvió:* que los contratos celebrados por menores en que fingen ser mayores de edad cuando están próximos a alcanzar dicha mayoría, no son inexistentes sino anulables: y que no habiendo ejercitados dentro de los cuatro años después de ser mayores de edad la acción de nulidad reconocida por el artículo 1268 del Código Civil, las cesiones quedaron convalidadas.

LEY DEL CASO—SENTENCIA ANTERIOR.—Se resuelve que la sentencia anterior dictada en este pleito es la ley del caso para los herederos cuyas cesiones de derechos hereditarios fueron declaradas válidas, y que por esto no pueden atacar ahora la validez de sus cesiones ni puede ser resuelta nuevamente tal cuestión.

REIVINDICACIÓN—PARTE DEMANDANTE—DERECHOS RESERVADOS POR SENTENCIA.— En el presente pleito de reivindicación *se resolvió:* que en cuanto al heredero fallecido a los 13 años de edad y antes de presentarse la demanda, por lo

que indebidamente fué incluído como parte demandante, y cuyos herederos no han reclamado en este pleito, y en cuanto al heredero póstumo, con relación a los cuales no se alegó ni probó que hayan traspasado en forma alguna su parte hereditaria, por tanto, son los únicos que resultan condueños en la finca con la persona en cuyo poder está actualmente, por lo que deben reservárseles sus derechos para ejercitar las acciones procedentes contra dicha persona.

Los hechos están expresados en la opinión.

Abogados de los demandados apelantes: *Sres. R. Arce y M. Tous Soto.*

Abogado de la demandante apelante: *Sr. L. Mendín.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Este pleito viene por segunda vez a este tribunal en apelación interpuesta por ambas partes contra la sentencia últimamente dictada por el tribunal inferior, y aunque dichos recursos se han tramitado separadamente creemos que debemos considerarlos conjuntamente, no sólo por la íntima relación que guardan entre sí sino también para la más fácil inteligencia del asunto.

Jacinto Rivera García falleció el 27 de febrero de 1895 con testamento que otorgó el día antes de morir en el que instituyó como herederos suyos a los ocho hijos de su primer matrimonio con Ricarda Delgado, nombrados Josefa, Graciano, Abad, Eduarda, Cristina, Prudencia, Agustín y Regalada, y también al hijo que naciera de su segunda esposa encinta Eduvigis López. Este hijo póstumo es Alberto Rivera López.

Casi veintiun años después, el 5 de enero de 1916, cinco de esos hijos mayores de edad, o sean, Graciano, Abad, Cristina, Prudencia y Regalada, el hijo póstumo menor de edad Alberto Rivera López y otros cinco menores de edad, dos de ellos, Pedro y Jacinto, como hijos de la heredera fallecida Josefa Rivera Delgado, y los otros tres, Rafael, Andrés y Ramona Vázquez, como hijos también de la heredera fallecida Eduarda Rivera, demandaron a Gregorio Hernández y a Francisca Martínez en reivindicación de cierta finca de veinticinco cuer-

das de terreno, descrita en la demanda, alegando que perteneció a su causante Jacinto Rivera García, que pertenece a los demandantes por herencia suya y que está poseída por los demandados de mala fe.

Contestaron los demandados que antes de morir Jacinto Rivera García le compró Gregorio Hernández catorce cuerdas de dicha finca; que posteriormente el mismo Hernández, por cesiones que le hicieron los demandantes, con excepción del hijo póstumo Alberto Rivera López, adquirió todos los derechos hereditarios que aquéllos tenían en esa sucesión y que posteriormente Hernández ha vendido la finca a la demandada Francisca Martínez quien la posee con ese título de compra.

Al comenzar el juicio en este caso fué substituído Graciano Rivera Delgado, muerto después de radicada la demanda, por su viuda María Dávila y por sus hijos Francisco, Pedro y María; y fué incluído como demandante otro hijo de Jacinto Rivera, nombrado Agustín. Después de practicadas las pruebas, la Corte de Distrito de Humacao dictó sentencia contra los demandados por el fundamento de que si bien era cierto que algunos de los demandantes cedieron sus derechos hereditarios a Gregorio Hernández, carecían de título bastante para esas enajenaciones mientras no se practicase la partición de la herencia.

En apelación contra esa sentencia declaramos (26 D. P. R. 800) que esa teoría de la corte inferior era errónea porque semejantes cesiones, verificadas aun antes de la liquidación y adjudicación a determinado heredero, son válidas para transferir el título de dicho heredero; relacionamos los documentos públicos en los cuales Josefa, Graciano, Abad, Eduarda, Cristina, Prudencia y Regalada cedían sus derechos en la herencia de su padre a favor de Gregorio Hernández, manifestando todos ser mayores de edad, y dijimos que las cesiones de las dos últimas fueron impugnadas porque eran menores de edad cuando otorgaron esas escrituras, aunque no resolvimos sobre la validez de las mismas; expresamos que nada aparecía

con respecto al hijo póstumo y que el heredero Agustín falleció cuando sólo contaba trece años de edad, en 1899, esto es, antes de ser interpuesta la demanda, y dijimos también que puesto que Gregorio Hernández necesariamente recibió todos los derechos de los herederos adultos por lo menos era condueño con los menores, por lo que una acción de reivindicación en su contra era improcedente; que no encontrábamos justificación alguna para esté pleito, especialmente por parte de los herederos adultos y que como los demandantes no reunían en sí todo el título a la finca en cuestión, y puesto que los adultos carecen de todo derecho a hacer reclamación alguna, desestimábamos la demanda.

Apelada nuestra sentencia para ante la Corte de Distrito de Apelaciones de los Estados Unidos para el Primer Circuito ésta sostuvo nuestras conclusiones de derecho en cuanto a que los herederos podían transferir sus derechos hereditarios aun sin haberse hecho la partición de los bienes y en cuanto a que no procedía una acción de reivindicación, pero estando en duda dicha corte sobre si habíamos declarado que los herederos habían hecho cesiones válidas de los derechos en la herencia de su padre a Hernández, aunque posiblemente podía ser declarado que habíamos determinado los derechos de los herederos adultos, si no también los de los herederos menores, devolvió el caso para posteriores procedimientos a fin de que pudiera ser desestimada la demanda sin perjuicio o, si era posible enmendarse, para presentar la verdadera cuestión en controversia.

Comunicada esa sentencia a la Corte de Distrito de Humacao las partes no presentaron enmienda alguna limitándose a pedirle que dictara sentencia por las alegaciones y pruebas que habían sido presentadas antes y la corte dictó sentencia declarando sin lugar la demanda sin especial condena de costas, pero reservando a los herederos de Jacinto Rivera García, mayores y menores de edad, los derechos que pudieran corresponderles sobre la finca en litigio para esta-

blecer la reclamación correspondiente. Esta sentencia se fundó, según la opinión escrita por el juez de la corte, en que algunos de los demandantes no probaron ser herederos de los hijos fallecidos de Jacinto Rivera. Tal es la senten-cia que motiva estos recursos, establecido el de los deman-dados por la reserva de derecho que contiene para todos los causahabientes de Jacinto Rivera García, y el de los deman-dantes por haber desestimado su demanda.

Los demandados han solicitado en su alegato ante noso-tros que desestimemos la apelación de los demandantes fun-dándose en que la sentencia que antes dictamos en este pleito es la ley del caso, pero este no es motivo para la de-sestimación de la apelación aunque puede serlo para confir-mar la sentencia, por lo menos en cuanto desestima la de-manda.

Los demandantes alegan en apoyo de su recurso que la corte inferior cometió error al estimar que varios de los de-mandantes no probaron su carácter de causahabientes de Jacinto Rivera y también al estimar que la indeterminación de quiénes son algunos de los actuales causahabientes es fatal para el éxito de la acción reivindicatoria que se ejer-cita en este pleito, pero podemos prescindir de estas cues-tiones dado el juicio que hemos formado de este caso y ad-mitir, aunque sin resolverlo, que todos los demandantes pro-baron ser los causahabientes de Jacinto Rivera García, ya que aun así no puede prosperar la demanda. Los otros dos motivos se fundan en que la corte erró al estimar que Grego-rio Hernández tiene sobre la finca el derecho de posesión y, por tanto, que es improcedente la acción reivindicatoria en contra del mismo por los demandantes, y también al estimar que los herederos Josefa, Graciano, Abad, Eduarda, Cris-tina, Prudencia y Regalada Rivera Delgado cedieron a Gre-gorio Hernández sus derechos en la herencia de su padre.

Como la Corte de Apelaciones aprobó las conclusiones de derecho de nuestra anterior sentencia y solamente anuló

nuestra sentencia y devolvió el caso para ulteriores procedimientos por estar en duda de si habíamos resuelto sobre la validez de las cesiones de los herederos, para permitir que se desestimara la demanda sin perjuicio, o si era posible, para que presentara la verdadera cuestión en controversia, y como los demandantes no han presentado enmienda alguna después de la sentencia de la Corte de Apelaciones y pidieron sentencia por las alegaciones y pruebas anteriores; y como nosotros resolvimos entonces que los herederos adultos Josefa, Graciano, Abad, Cristina y Eduarda cedieron válidamente sus derechos hereditarios en la herencia de su padre a favor de Gregorio Hernández, pues dijimos que éste necesariamente recibió los derechos de los herederos adultos, dejando de resolver solamente en cuanto a las cesiones hechas por Prudencia y por Regalada, ya que en cuanto a los menores Agustín y Alberto dijimos que no aparecía que hubieran cedido sus derechos hereditarios, nuestra anterior sentencia resulta ser la ley del caso para las cuestiones en ella resueltas entre las partes y por tanto Josefa, Graciano, Abad, Cristina y Eduarda, o sus causahabientes, no pueden atacar ahora la validez de sus cesiones ni podemos resolver nuevamente tal cuestión.

En cuanto a las cesiones hechas por Prudencia y por Regalada en 1905 y 1908 cuando tenían 20 y 19 años de edad respectivamente, según resulta de las certificaciones de sus nacimientos, aunque entonces no resolvimos sobre la validez de sus cesiones, será conveniente que digamos ahora que habiendo manifestado ellas dos en las escrituras de cesión á Hernández que eran mayores de edad, estando próximas a los 21 años fijados por la ley para la mayoridad, y no habiendo ejercitado dentro de los cuatro años siguientes a haber alcanzado su mayoría de edad la acción de nulidad reconocida por el artículo 1268 del Código Civil, dichas cesiones quedaron convalidadas y, por tanto, Hernández adquirió los derechos que ellas tenían. Los contratos cele-

brados por menores en que fingen ser mayores de edad cuando están próximos a alcanzar dicha mayoría, no son inexistentes sino anulables. En el caso de *García* v. *Garzot*, 19 D. P. R. 866, apoyándonos en una sentencia del Tribunal Supremo de España citada en él, declaramos válido un contrato semejante al presente, celebrado también por un menor y no impugnado en el término de cuatro años. También Manresa en sus Comentarios al Código Civil, tomo 6, pág. 726, considera meramente anulables los contratos celebrados en esas condiciones.

Por lo que respecta al heredero Agustín, muerto a los 13 años de edad y antes de presentarse la demanda, por lo que indebidamente fué incluído como parte demandante, y cuyos herederos no han reclamado en este pleito, y en cuanto al póstumo Alberto Rivera López, no se alegó ni probó que hayan traspasado en forma alguna su parte hereditaria y, por tanto, son los únicos que resultan condueños en la finca con Francisca Martínez quien la compró a Hernández, por lo que deben reservárseles sus derechos para ejercitar las acciones procedentes contra su condueña Francisca Martínez.

En cuanto a la compra alegada por Hernández de catorce cuerdas de la finca en litigio a Jacinto Rivera no se probó suficientemente, pero esto no es de importancia en vista de las cesiones hechas por los herederos, excepción hecha de Agustín y de Alberto.

Por las razones expuestas la sentencia apelada debe ser confirmada en cuanto declara sin lugar la demanda sin especial condena de costas y reserva a los herederos menores, que son Agustín Rivera Delgado y Alberto Rivera López, los derechos que puedan tener, y debe ser revocada en cuanto a la misma reserva que contiene para los otros herederos.

> *Confirmadas en parte y en parte revocadas las sentencias apeladas.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.