MARÍA, JESÚS Y JAIME DEL VALLE RÍOS, demandantes y recurrentes, *v.* JUAN GONZÁLEZ, ETC., demandados y recurridos.

Número: R-65-274     Resuelto: 5 de mayo de 1967

*Ángel Roberto Díaz,* abogado de los recurrentes; *Octavio Jimé-nez,* abogado de los recurridos.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Dávila y Ramírez Bages.

PER CURIAM: Se trata de un pleito que en esencia se dirige a reivindicar una parcela de 1.50 cuerdas sita en el Barrio Algarrobo de Vega Baja actualmente bajo la posesión y dominio del recurrido Juan González. Los hechos más salientes indican que en 5 de septiembre de 1946, los hermanos recurrentes, María, Jesús y Jaime del Valle Ríos, haciéndose figurar con edades de 18 y 16 años, (1) comparecieron en unión a su padre José del Valle y vendieron a Eugenio Sostre la referida parcela. En el documento privado que al efecto se otorgó se hizo constar que habían adquirido el inmueble por derecho de representación en la herencia de su abuela materna y que no se habían ultimado los procedimientos legales "para el trámite de este haber hereditario así como para la venta de dicha parcela a don Eugenio Sostre". Verificóse la venta por precio de $150, recibidos en el acto en presencia de dos testigos, comprometiéndose los vendedores a elevar oportunamente a escritura pública el contrato celebrado.

Seis años después, en 3 de junio de 1950, comparecen nuevamente las mismas partes a suscribir un documento privado que denominaron "Cesión de Derechos y Acciones por Compra Venta". Manifestaron ser todos mayores de edad e identificaron la procedencia de su título en la misma forma que en el documento anterior. Expresaron además que: "Siguen manifestando los comparecientes que en o allá para el cinco de septiembre de mil novecientos cuarenta y seis, vendieron extrajudicialmente a don Eugenio Sostre de la Erre cuanto derecho y acción tenían y pudieran tener sobre

---

(1) María y Jesús son hermanos gemelos.

el referido inmueble y ahora ratifican dicho documento en todas sus partes, y *queriéndolo volver a hacer por escrito,"* estipularon que:

"A.—Don José del Valle Tacoronte, como padre legítimo de MARÍA DEL VALLE RÍOS, JESÚS DEL VALLE RÍOS Y JAIME DEL VALLE RÍOS, y éstos por su propio derecho además, por la presente CEDEN, VENDEN, DAN Y TRASPASAN, a favor de don EUGENIO SOSTRE, y éste así la compra y acepta, la parcela descrita anteriormente en el antecedente primero de esta exposición, digo en el antecedente CUARTO de esta exposición con todos sus usos, derechos, servidumbres, anexos, edificaciones y con cuanto le fuere anexo e inherente, así como cuanto derecho y acción tengan y puedan tener en la referida herencia de su referida madre doña JULIA RÍOS, quien murió abintestato en esta población, obligándose los vendedores a la evicción y saneamiento de esta venta con arreglo a Derecho y sin más limitaciones que este otorgamiento."

Reclámase que siendo menores de edad los vendedores a la fecha del otorgamiento de ambos documentos, ninguna eficacia jurídica puede reconocérsele a los fines de una transmisión válida de título. En efecto se estableció mediante las certificaciones correspondientes que María y Jesús habían nacido en 24 de diciembre de 1929 y Jaime en 6 de septiembre de 1932. [2]

■ El tribunal de instancia, luego de un juicio en los méritos, [3] determinó como cuestión de hecho que para la fecha del otorgamiento del segundo contrato los hermanos

---

[2] A la fecha del primer documento María y Jesús tenían 16 años, 8 meses 11 días; a la del segundo, 20 años 6 meses 11 días. Jaime tenía para el primero, 14 años; para el segundo 17 años, 8 meses 27 días.

[3] En el curso del pleito el Tribunal a quo dictó una resolución en 30 de septiembre de 1964 desestimando las defensas especiales interpuestas por el demandado, fundándose en que dichos contratos eran inexistentes por la falta del consentimiento válido de los otorgantes debido a su minoridad. En el recurso C-64-74, después de dictar una orden sobre mostración de causas, anulamos dicha resolución y dijimos en lo pertinente:

"El escrito [de mostración de causas] a esos fines sometido por los

"aparentaban tener suficiente capacidad, discernimiento y libre administración de sus bienes para contratar, como lo hicieron, con otra persona que en ellos confiaba como si fueran mayores de edad." [4] En su consecuencia, concluyó como cuestión de derecho, que la transacción efectuada era meramente anulable, y que, habiéndose iniciado la acción en 21 de octubre de 1963, la misma estaba prescrita por haber transcurrido más de cuatro años de haber los actores arribado a la mayoridad. Declaró sin lugar la demanda por éste y otros fundamentos—la usucapión ordinaria y la falta de una descripción adecuada del predio que se intenta reivindicar—.

Toda la argumentación de la parte recurrente parece descansar en que como del primer documento surgía que los vendedores eran menores de edad, la transacción no era ratificable por el posterior en que se representan como mayores de edad. Pero en verdad el documento otorgado en 1950, si bien mencionó la palabra ratificación—obviamente redactado por una persona sin el conocimiento cabal del alcance jurídico de este concepto—evidencia que las partes quisieron *"hacer de nuevo"* la compraventa. Y en el recurso hay prueba de que recibieron precio adicional. [5]

---

demandantes en la acción principal e interventores en este recurso, no aduce razón de mérito alguna que justifique la resolución impugnada.

.     .     .     .     .     .     .

Resultando *claramente incorrecta, además de prematura,* la declaración de improcedencia de aquellas defensas especiales aducidas por los demandados en el pleito principal, se dicta el auto de *certiorari . . .* debiendo procederse a la celebración del juicio en sus méritos ante el tribunal de instancia." (Subrayado nuestro.)

[4] La única prueba sobre este particular sostiene la determinación transcrita. Por otro lado, ningún esfuerzo hizo la parte actora para tratar de establecer que el comprador conocía de la minoridad de los vendedores.

[5] Un tío de los propios hermanos demandantes declaró que:

"Y la segunda vez, por cuánto vendieron?

"Bueno, cuando ellos vinieron, que el hermano de ellos estaba en el ejército y vino a reclamar que ellos eran menores y que si no le daban más dinero no firmaban los documentos, *hubo que* darles los mismos chavos."

█ Considerando los hechos anteriores, el Art. 1253 del Código Civil, 31 L.P.R.A. sec. 3512, y lo resuelto en *Delgado* v. *Marchese*, 44 D.P.R. 281 (1932); *Sucesión Rivera* v. *Hernández et al.*, 31 D.P.R. 813 (1923) y *Durán* v. *Seda*, 29 D.P.R. 538 (1921), al efecto de que tratándose de un caso fuerte de representación por parte de un menor de su mayoridad para contratar con otra persona que en él confía y con él contratar como si fuera mayor, en ausencia de la más leve prueba de que el comprador supiera que estaba contratando con un menor de edad, la venta hecha por dicho menor es válida, no se ha cometido infracción de hecho o de derecho que dé margen para alterar el fallo.

*Se confirma la sentencia dictada por el Tribunal Superior, Sala de San Juan, en 17 de noviembre de 1965, con imposición de las costas en el presente recurso a la parte recurrente.*(6)

---

(6) La parte recurrente no solicitó que como parte del expediente de revisión se elevara la transcripción de evidencia; correspondió tal gestión a la recurrida. Observamos además que los Exhibits 6 a 8 de la parte demandante fueron desglosados a su pedido antes de elevarse los autos originales.